IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Alvin L. Carter,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:14cv382 (CMH/MSN) |
| | )<br>) |
| Harold Clarke,<br>    Respondent. | )<br>) |

## MEMORANDUM OPINION

Alvin L. Carter, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple offenses in the Circuit Court of the City of Norfolk. Petitioner has paid the applicable filing fee. By an Order dated April 24, 2015, the petition was filed, and respondent was directed to show cause within thirty (30) days why the petition should not be granted. (Dkt. No. 18) On May 26, 2015, respondent filed a Rule 5 Answer and a Motion to Dismiss, accompanied by a supporting brief and exhibits. Petitioner was provided with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and petitioner has filed no reply. After careful consideration, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

On September 1, 2011, following a bench trial, petitioner was convicted of abduction with the intent to defile, rape, forcible sodomy, and assault and battery. Petitioner received a total sentence of 51 years incarceration with 25 years suspended. Case No. CR010002700-00-01 through -03.

Petitioner appealed the convictions, arguing that the trial court erred in denying his motion to hire an investigator and that the evidence was insufficient to sustain the convictions. The Court of Appeals denied the petition for appeal on February 15, 2012. Carter v. Commonwealth, R. No. 1626-11-1 (Va. Ct. App. Feb. 15, 2012); Resp. Ex. B. Petitioner sought further review of that determination, but the Supreme Court of Virginia refused the petition for appeal on July 6, 2012. Carter v. Commonwealth, R. No. 120395 (Va. July 6, 2012); Resp. Ex. C.[1]

On April 25, 2013, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. In return, the Court addressed a letter to petitioner explaining that if petitioner intended to appeal the denial of his habeas application by the trial court, he had missed the deadline to do so. Resp. Ex. E. On August 5, 2013, the Court dismissed the petition as an original jurisdiction habeas action as successive pursuant to Va. Code § 8.01-654(B)(2), because petitioner had filed the earlier habeas action in the trial court. Carter v. Dir., Dep't of Corr., R. No. 130741 (Aug. 5, 2013); Resp. Ex. E. Petitioner's motion for rehearing was denied on November 7, 2013. Resp. Ex. F.

Petitioner then turned to the federal forum and filed the instant application for relief pursuant to § 2254, reiterating the two claims he made on direct appeal and the compound claim of ineffective assistance he raised in his state habeas proceedings.[2] As noted above, respondent

---

[1] In the meantime, petitioner filed a petition for a state writ of habeas corpus in the trial court on April 3, 2012, raising numerous claims of ineffective assistance of counsel. The petition was denied and dismissed on the merits in an Order dated May 29, 2012. Resp. Ex. D.

[2] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner indicates that the

has moved to dismiss the petition, arguing both that the petition was filed untimely and that the claims lack merit. The court finds the second argument dispositive, and the petition thus will be dismissed, with prejudice.

## II. The Petition is Timely

A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Here, petitioner's conviction became final on October 4, 2012, ninety days after the Supreme Court of Virginia refused his petition on direct appeal, when the time expired during which he could have sought a writ of certiorari from the United States Supreme Court. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts); Artuz v. Bennett, 531 U.S. 4, 8 (2000)

---

petition was notarized on February 20, 2014, Pet. at 12, although it was not date-stamped as received by the Clerk until April 1, 2014. Pet. at 1.

3

(holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely under state law). In this case, petitioner's first state habeas application has no effect on calculating the limitations period, because it was filed on April 3, 2012 and denied on May 29, 2012. Resp. Ex. D. No timely appeal was taken of that result. Thus, the first habeas proceeding concluded several months before the limitations clock began to run on October 4, 2012, the date the convictions at issue became final, and it has no bearing on the timeliness *vel non* of this federal petition. See Wade v. Robinson, 327 F.3d 328, 333 n. 4 (4th Cir.), cert. denied, 540 U.S. 912 (2003) (federal courts look to the date on which a state conviction is affirmed on direct review, rather than to the date a state court denies collateral relief, as the date on which the custody judgment becomes final for purposes of computing the limitations period).

From October 4, 2012, the date the convictions became final, the limitations clock ran unchecked for 202 days until April 25, 2013, when petitioner filed his petition for a writ of habeas corpus in the Supreme Court of Virginia. The petition was dismissed as successive on August 5, 2013, and petitioner's motion for rehearing of that result was denied on November 7, 2013.[3] The limitations clock then ran again from that date until February 20, 2014, the date the petitioner notarized the petition and presumptively placed it in the prison mailing system, a period of 104 days. When those periods are combined this federal petition was filed 306 days after the convictions became final, and the petition is timely. Even if it could be shown that the

---

[3]The fact that the petition was dismissed as successive does not render it improperly filed for purposes of the limitations period. See Weekley v. Moore, 244 F.3d 874 (11th Cir. 2001) (federal petition that was successive but timely filed under state procedures was "properly filed" as that term is defined in Artuz).

petition was not placed in the prison mailing system until a later date, it was received by the Clerk on April 1, 2014, and by then only 347 days of untolled time had elapsed since the date the convictions were final. Thus, in either case, this petition is timely.

### III. The Claims of Ineffective Assistance are Procedurally Barred

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Here, pursuant to these principles, petitioner's first, compound claim of ineffective assistance of counsel is procedurally barred from federal review. To the extent that the present allegations of ineffective assistance were raised in the first state habeas action, they were not exhausted, because petitioner failed to file a timely appeal of their denial by the trial court in the Supreme Court of Virginia. O'Sullivan, 526 U.S. at 845. When petitioner subsequently attempted to raise the claims before the Supreme Court of Virginia in his second state collateral proceeding, the Court expressly found the claims to be barred as successive. This reason has been held by the Fourth Circuit to be an adequate and independent state law ground preventing federal habeas review of procedurally defaulted claims. See Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (determining procedural bar of successive habeas applications in Va. Code §8.01-654(B)(2) to be a well-recognized adequate and independent ground). Therefore, petitioner's present claims of ineffective assistance of counsel are both unexhausted and procedurally defaulted.

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). After respondent argued that the ineffective assistance are procedurally defaulted, Resp. Brief at 7-10, petitioner failed to come forward with any showing of cause and prejudice which might excuse that default. Accordingly, petitioner's claims of ineffective assistance are procedurally barred from consideration on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

In the second apparent claim of this petition, petitioner contends as he did on direct appeal that the trial court erred in denying his motion to hire an investigator. See Pet. at unnumbered pp. 9-10. This argument states no claim for relief under § 2254 because it concerns only a matter of state law. "A state prisoner is entitled to relief under § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)).

7

Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas review under § 2254. Id. (citing Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985)). On direct appeal, the denial of petitioner's motion to hire an investigator was challenged and adjudicated solely on the basis of Virginia law. See Carter v. Commonwealth, Resp. Ex. B at 1-2. Where, as here, a petitioner alleges that a state court incorrectly applied state law, the claim fails to state a basis for federal habeas corpus relief. See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998). Therefore, the second claim of this petition must be dismissed.

In the third claim of this federal petition, petitioner argues as he did on direct appeal that the evidence was insufficient to sustain the convictions. See Pet. at unnumbered pp. 10-11; Am. Pet. at 3 - 10. When petitioner made this same argument on direct appeal, the Court of Appeals rejected it on the following holding:

> Appellant argues that the evidence is insufficient to support his convictions. Specifically, he asserts the complaining witness' testimony was inherently incredible.
>
> \* \* \*
>
> [T]he evidence proved that during the early morning hours on March 17, 2010, the victim was alone at a bus stop. She testified appellant approached her, beat her, dragged her behind a building, and then raped and sodomized her. Afterwards, the victim contacted the police and was examined at a hospital. The nurse examiner testified that victim exhibited injuries to the face and genital area. The injuries to her genital area were caused by blunt force trauma. She also explained the victim 'was very emotional, crying, upset, sobbing [and] tearful." The account of the incident the victim provided to the nurse examiner was consistent with her trial testimony. The victim's account of the events provided to the police after the incident was also largely consistent with her trial testimony. DNA samples collected from the victim were linked to appellant.
>
> Appellant admitted having had vaginal intercourse with the victim but denied it was not consensual. However, when initially interviewed by

> the police, he denied any involvement in the incident and claimed he had not encountered anyone at the bus stop.
>
> The trial court believed the Commonwealth's witnesses and rejected appellant's version of the events. 'The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The victim's testimony was corroborated in part by the testimony of the nurse examiner and the police officer as well as by the forensic evidence. We find no error with the trial court's credibility determination. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a re4asonable doubt that appellant was guilty of abduction, rape, forcible sodomy, and assault and battery.

Carter, R. No. 1626-11-1, Resp, Ex. B at 2-3. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons which are clearly articulated in the quoted opinion, the Virginia

court clearly made a rational decision to convict petitioner. Jackson, 443 U.S. at 319. Therefore, the Virginia courts' denial of relief on this claim was not contrary to, or an unreasonable application of, that clearly established federal law, nor was it based on an unreasonable determination of the facts. Accordingly, that same result must pertain here. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 16th day of February 2016.

_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia